IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,
ELENA PORTNOY, et al.,

      Plaintiffs,                        No. CIV S-08-1366 FCD GGH PS

  vs.

CITY OF DAVIS, et al.,                        ORDER

      Defendants.

_____/

        Plaintiffs, proceeding in this action pro se, have requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This case is referred to this court pursuant to E. D. Cal. L. R. 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

        Plaintiffs are husband and wife and two of their children.[1] The available documents do not indicate whether plaintiffs' children are minors, in which case they may not proceed in this action pro se or represented by their parents. Minor children must be represented by legal counsel. The rule is protective – where minors "have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected." Johns v.

---

[1] Although two children are named as plaintiffs, Mr. Portnoy lists three children as dependents in his in forma pauperis application.

1

1  County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997).  Thus, "a parent or guardian cannot
2  bring an action on behalf of a minor child without retaining a lawyer."  Ibid.

3  Plaintiffs will therefore be given thirty days within which to obtain a lawyer to
4  represent their minor children, or to clarify that the children who proceed as plaintiffs in this
5  action are adults.  Alternatively, assuming the children are minors, parents may amend their
6  complaint in order to proceed on their own without their minor children.

7  An additional problem remains.  In support of his in forma pauperis application,
8  plaintiff Sergei Portnoy has submitted an affidavit making the showing required by 28 U.S.C.
9  § 1915(a)(1),[2] thereby demonstrating his entitlement to proceed in forma pauperis.  However,
10 plaintiff Elena Portnoy has not submitted a separate affidavit.  While Mrs. Portnoy appears to be
11 supported by her husband, she must submit her own application and supporting affidavit for this
12 court's consideration whether she may proceed as a plaintiff without prepayment of fees.

13 Accordingly, the court will direct each adult who wishes to proceed as a plaintiff
14 in this action, including Mrs. Portnoy and any of the couple's nonminor children, to file his or
15 her separate in forma pauperis application and affidavit.  The court will defer making a decision
16 on Mr. Portnoy's application until the applications of all adult plaintiffs are received or thirty
17 days has passed, whichever is earlier.

18 The determination that a plaintiff may proceed in forma pauperis does not
19 complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to
20 dismiss the case at any time if it determines the allegation of poverty is untrue, or the action is
21 frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary
22 relief against an immune defendant.

23 The instant complaint, made pursuant to the Civil Rights Act of 1964
24 (mischaracterized in plaintiffs' heading as the "Human Rights Act"), 42 U.S.C. § 1983, alleges

---

[2] Mr. Portnoy states that he earns $1000 biweekly, provides support to his spouse and three children, has $100 in cash but no other assets.

1 that defendants City of Davis and four of its named police officers violated plaintiffs' rights to be
2 free from unreasonable searches and seizures, as provided by the Fourth Amendment to the U.S.
3 Constitution.  The complaint's "Statement of the Case" provides that on the afternoon of July 19,
4 2007, four Davis police officers entered plaintiffs' apartment at gunpoint and without a warrant;
5 dragged and restrained Mrs. Portnoy, and handcuffed and restrained Mr. Portnoy; inspected the
6 upstairs where the children remained, and then released plaintiffs and left the premises with the
7 explanation that "they were looking for a women who lived at this address" [sic].  The complaint
8 further alleges that, "After these actions of the police my wife began to loose appetite and weight,
9 the oldest child began to stammer and youngest child did not sleep well and cryed at night. [¶ ]
10 Actions of policemen left bruises on my body and scratches on my hands." [Sic].  This statement
11 of facts provides prima facie support for plaintiffs' Fourth Amendment claim pursuant to the
12 Civil Rights Act, 42 U.S.C. § 1983.

13       The complaint also makes the following prima facie claims under state law:
14 trespass, assault and battery, intentional and negligent infliction of emotional distress.[3]  The
15 complaint therefore meets basic pleading requirements (see, e.g., Fed. R. Civ. P. 8(a)), and need
16 not be amended other than to change plaintiffs, if necessary.

17       Accordingly, IT IS HEREBY ORDERED that plaintiffs be accorded thirty days
18 within which (1) to obtain legal counsel for any minor children or dismiss them from the case,
19 \\\\\
20 \\\\\
21 \\\\\
22

---

23    [3]  The only claim unsupported by the statement of facts is made pursuant to Article 1, section 19 of the California Constitution, which provides, "Private property may be taken or
24 damaged for public use only when just compensation, ascertained by a jury unless waived, has first been paid to, or into court for, the owner."  While plaintiffs rely on this provision, in
25 addition to the Fourth Amendment, to assert their rights to be free from unreasonable searches, the provision generally is relied upon to obtain just compensation in an inverse condemnation
26 proceeding.  See, e.g., Yox v. City of Whittier, 182 Cal. App.3d 347, 351 (2nd Dist. 1986).

1  and (2) each adult plaintiff (other than Mr. Portnoy) is to file an in forma pauperis application
2  and supporting affidavit.
3          IT IS SO ORDERED.
4  DATED: 07/22/08                 /s/ Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE
5
  GGH5:Portnoy1366.ifpamd
6