IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SERGEI PORTNOY,
ELENA PORTNOY, et al.,

    Plaintiffs,                        No. CIV S-08-1366 FCD GGH PS

    vs.

CITY OF DAVIS, et al.,                     ORDER

    Defendants.
_____/

        Pursuant to this court's order filed July 22, 2008, the application to proceed in forma pauperis filed by plaintiff Sergei Portnoy was granted and the complaint found to state prima facie claims under the Fourth Amendment to the U.S. Constitution and the Civil Rights Act, 42 U.S.C. § 1983, as well as state law claims for trespass, assault and battery, and intentional and negligent infliction of emotional distress.  Plaintiff Elena Portnoy was directed to file her own application to proceed in forma pauperis, and both adult plaintiffs were directed to obtain legal counsel for their minor children or amend their complaint in order to proceed on their own without their children.

        Plaintiff Elena Portnoy has timely submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, her request to proceed in forma pauperis will

1

be granted.

Plaintiffs' minor children remain unrepresented by counsel despite the mandate that "a parent or guardian cannot bring an action on behalf of a minor child without retaining a lawyer." Johns v. County of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Plaintiffs have filed a request that the court appoint counsel for their children, Natalie Portnoy (age 3 years) and Alexander Kudinov (age 13 years), both of whom were present with their parents when law enforcement conducted the challenged search of their home.

Litigants pursuant to 28 U.S.C. § 1915 do not have an absolute right to appointed counsel. While the court has discretion under 28 U.S.C. § 1915(e)(1) to "request" that an attorney voluntarily represent an indigent civil litigant, the statute does not authorize the court to appoint counsel. See Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 301-307 (1989). Moreover, the court's authority to request voluntary representation is limited to "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1990). A finding of "exceptional circumstances" requires both (1) the likelihood of success on the merits and (2) the inability of the plaintiff to articulate his or her claims in pro se in light of the complexity of the legal issues involved. Ibid. Neither factor is dispositive and both must be viewed together before reaching a decision on the motion. Ibid.

The instant case does not present the requisite "exceptional circumstances" warranting exercise of this court's discretion to request voluntary legal representation of plaintiffs' minor children. While the complaint suggests a likelihood of success on the merits, provided the allegations therein are proven, plaintiffs have demonstrated the ability adequately to articulate their claims. Plaintiffs' competence is particularly evident based on the sufficiency of their initial complaint without need for amendment. Moreover, plaintiffs' minor children are not essential parties to this litigation. The children's experience, while relevant to proving plaintiffs' case and the damages sustained, may be duly considered in this action without naming them as plaintiffs. Additionally, the experience of the older child can be introduced by affidavit or other

documentary evidence, without requiring his presence in court, while the experience and response of the younger child is best presented by her parents and older sibling. Plaintiffs' request for appointment of counsel for their children will therefore be denied.

Plaintiffs shall be accorded leave to amend their complaint in order to proceed in this action without their minor children. The amended complaint should also exclude plaintiff's claim made pursuant to Article 1, section 19 of the California Constitution.[1] The court will thereafter direct the U.S. Marshal to effect service of process of the amended complaint pursuant to 28 U.S.C. § 1915.

Accordingly, IT IS HEREBY ORDERED that:

1. The application to proceed in forma pauperis filed by plaintiff Elena Portnoy on August 1, 2008 (Doc. No. 2), is granted (the application filed by plaintiff Sergei Portnoy on June 17, 2008 (Doc. No. 5) was granted by order filed July 22, 2008);

2. Plaintiffs' request for appointment of counsel for their minor children, filed August 18, 2008 (Doc. No. 6), is denied; and

3. Plaintiffs are granted leave to file an amended complaint that is consistent with this order within twenty days of the filing date of this order.

SO ORDERED.

DATED: 09/09/08

/s/ Gregory G. Hollows
GREGORY G. HOLLOWS,
UNITED STATES MAGISTRATE JUDGE

GGH5:Portnoy1366.ifpamd.II

---

[1] As stated in the court's prior order, this is the only claim unsupported by plaintiffs' initial allegations; it is made pursuant to Article 1, section 19 of the California Constitution, which provides for just compensation in an inverse condemnation proceeding.